UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

THE UNITED STATES OF AMERICA                              04-CR-201E

                    -vs-                                 MEMORANDUM
                                                                and
JAMEL SPEARS                                               ORDER[1]

---

Defendant Jamel Spears ("Spears") is charged in a three-count indictment with (1) being a felon in possession of a firearm in violation of 18 U.S.C. §§922(g)(1), 924(a)(2); (2) possession with intent to distribute a controlled substance — *to wit,* cocaine base — in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C) and (3) possession of a firearm during, in relation to and in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)(1).   On September 28, 2004 Spears made a motion to suppress various statements made to the police at the time of his arrest. By Memorandum Decision and Order dated May 26, 2005 this Court adopted the Report and Recommendation of Magistrate Judge Leslie G. Foschio wherein he concluded that the motion to suppress should be denied.

On October 7, 2005 Spears made the instant motion for, *inter alia*, the disclosure of information pursuant to *Brady* v. *Maryland*, 373 U.S. 83 (1963), for discovery pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure ("FRCrP") and Rules 404, 607, 608, 609, 701, 702, 703 and 705 of the Federal Rules of Evidence ("FRE"), for dismissal of Counts 2 and 3 of the Indictment and for dismissal

---

[1]This decision may be cited in whole or in any part.

of the Indictment for violations of the Speedy Trial Act, 18 U.S.C. §3161. The Government filed a response to the motion on November 10, 2005. On November 18, 2005 the Court heard oral argument and the motion was deemed submitted. For the reasons that follow, Spears' motion will be denied.

Spears seeks discovery of the following items pursuant to *Brady* v. *Maryland*, and the applicable sections of the FRE: information concerning the weapon he is charged with possessing; documentation concerning Spears's alleged prior felonies; laboratory reports concerning the testing of the substance allegedly possessed by Spears; a copy of Spears's prior record; evidence of any statements Spears is alleged to have made; an opportunity to inspect all documents, papers, photographs, and tangible objects and an opportunity to inspect and/or copy any reports of scientific, physical or mental examinations, including laboratory and fingerprint tests; a written summary of any testimony the government intends to offer pursuant to FRE 702, 703 or 705; and any evidence the government intends to introduce in its case-in-chief pursuant to FRE 404(b) or for impeachment pursuant to FRE 607, 608 or 609. *See* Affir. in Support of Motion ¶¶2, 3, 7, 8, 9, 10, 11, 13. Spears also demands that the government provide notice of: the evidence the government intends to use so that he may object to any such evidence prior to trial and any lay opinion testimony the government intends to introduce pursuant to FRE 701. Finally, Spears demands that the government produce all material pursuant to 18 U.S.C. §3500 at least three weeks

before trial and that the government provide the personnel files for the officers involved in Spears's arrest.  *See* Affir. in Support of Motion ¶16, 18.

In its response, the government asserts that all of the above information, with the exception of the 18 U.S.C. §3500 material, has already been provided to Spears pursuant to the government's policy of voluntary disclosure.  With respect to some of the demands, the government has provided the information a second time contemporaneously with its response to the instant motion. The government has also explicitly recognized its continuing obligation to supplement information already provided and has represented that it will continue to fulfill its discovery obligations. The government has also agreed that, consistent with the Justice Department's policy, it will turn over to Spears any impeachment material contained in the police officers' personnel files but objects to the wholesale disclosure of the files to Spears. These representations are  sufficient to satisfy this Court that requested information has been disclosed and will continue to be disclosed as the need arises.  As for the §3500 material, the government has agreed to provide the same two weeks prior to trial.  Therefore, Spears's motion for an order compelling such disclosure will be denied.[2]

_____

[2] In paragraph 13 of the Affirmation, Spears "demands that the government turn over any information that it intends to use either as evidence-in-chief under [FRE] 404(b) or as impeachment evidence under [FRE] 607, 608, or 609."  Affir. in Support of Motion ¶13.  As discussed above, the government has indicated that it has already provided notice of the information it intends to use for those purposes and Spears has received the notice which he seeks in his motion papers.  At oral argument, however, Spears asserted that the government should be precluded from introducing such evidence.  There is no such motion to preclude currently before this Court and absent a proper motion and briefing on the issue, the Court declines to consider whether there is a basis to preclude the introduction of such evidence.

In paragraph 4 of the Affirmation, Spears seeks to have this Court dismiss Count 2 of the Indictment — the possession with intent to distribute charge — on the basis that the amount of cocaine base allegedly seized — 2.06 grams — is legally insufficient to support a finding of possession with intent to distribute.   The government opposes the motion, arguing that the issue is one for the trier of fact and that it intends to introduce evidence that possession of such substance in the manner in which it was packaged — i.e., in 20 glassine bags — is indicative of possession with intent to distribute.   The issue is one for the trier of fact and therefore Spears's motion to dismiss Count 2 of the Indictment will be denied.

In paragraph 5 of the Affirmation, Spears contends that Count 3, which alleges a violation of 18 U.S.C. §924(c), should be dismissed because "there is insufficient proof of this allegation."   The allegations contained in the Indictment are sufficient and Spears's motion to dismiss Count 3 will be denied.

In paragraph 6, Spears argues that the Indictment should be dismissed because the government has failed to comply with the Speedy Trial Act, 18 U.S.C. §3161.   The motion papers are silent as to the specific time period or periods Spears challenges and do not identify the basis for such challenge but merely state that a violation has occurred.   In its response to the motion, the government has set forth the dates for which time was excluded from calculation under the various subsections of §3161 and asserts that 27 days remain for Speedy Trial purposes.   At oral argument Spears disagreed with the exclusion of time periods in which he and the government were conducting plea negotiations because the government

allegedly delayed during the process of negotiation.  The Court notes, however, that Spears's counsel consented to all such adjournments and exclusions of time from the Speedy Trial calculation.  At no time was the Court apprised of any undue delay by either the government or the defendant.  That Spears is now dissatisfied with the adjournments and exclusions which were previously granted does not establish a Speedy Trial violation.  Spears's motion to dismiss the Indictment will be denied.

Finally, in paragraph 15 of the Affirmation, Spears requests "severance of Count [1] from Counts [2] and [3], in that [he] would be unfairly prejudiced before the jury on Counts [2] and [3] where they would know that he has a prior felony conviction as they would find out under Count [1]."[3]  In response, the government has stated that it intends to offer Spears the opportunity to stipulate that in May 2003 he was convicted of a crime punishable by imprisonment for a term exceeding one year, thereby allowing Spears to avoid the admission of evidence concerning the nature of that conviction.  The government has also stated, however, that it intends to introduce evidence of Spears's May 2003 and October and December 2002 convictions for drug trafficking to show Spears's knowledge and intent to distribute the controlled substance with which he is charged in Count 2.  Because Spears has not stated that his defense will not rely on a theory of lack of knowledge or intent, it is possible that — although the Court is not making a determination as to whether —

---

[3] It is unclear as to whether Spears seeks a separate trial on Count 1 by a separate jury or whether he seeks a bifurcated trial before a single jury.  FRCrP 14(a) provides that "[i]f the joinder of offenses ⁎⁎⁎ appears to prejudice a defendant or the government, the court may order separate trials of counts, ⁎⁎⁎ or provide any other relief that justice requires."

such evidence would be admissible either on the government's direct case or as impeachment. *See United States* v. *Amato*, 15 F.3d 230, 236-37 (2d Cir. 1994) (stating that severance of a felon-in-possession count in a multi-count trial is not mandated if the evidence admissible to the felon-in-possession charge would have been admissible in a trial involving only the non-severed counts); *see also United States* v. *Bishop*, 2001 WL 1543815, at *1 (S.D.N.Y. 2001) (stating "where proof of a defendant's prior felony conviction would be admissible at a trial of the other counts, severance or bifurcation accomplishes nothing and neither is required.") (*citing United States* v. *Clark*, 184 F.3d 858, 865-68 (D.C.Cir. 1999)).   Therefore, Spears's request for a severance of Count 1 from Counts 2 and 3 is denied without prejudice to its renewal at a later time.

Accordingly, it is **ORDERED** that Spears's motion is denied in its entirety and the parties are directed to appear before Part III of this Court on Friday, January 13, 2006 at 1:00 p.m. for a status conference to set a date for trial or plea.

DATED:       Buffalo, N.Y.

December 21, 2005

/s/ John T. Elfvin
JOHN T. ELFVIN
S.U.S.D.J.